

RECEIVED
MAY 13 2019
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

# Supreme Court of Mississippi
# Court of Appeals of the State of Mississippi
*Office of the Clerk*

Muriel B. Ellis
Post Office Box 249
Jackson, Mississippi 39205-0249
Telephone: (601) 359-3694
Facsimile: (601) 359-2407

*(Street Address)*
450 High Street
Jackson, Mississippi 39201-1082

e-mail:sctclerk@mssc.state.ms.us

May 9, 2019

TO: Merry Caitlin Johnson

RE: *The Mississippi Bar v. Merry Caitlin Johnson*
2017-BA-00955-SCT

    Enclosed for your reference is a stamped "filed" attested copy of the Mississippi Supreme Court's decision entered in the above matter. Please let me know if I may assist further.

Sincerely,

Rusty W. Holmes
Chief Deputy Clerk and Staff Attorney

Enclosure

cc: Deanne M. Mosley, Melissa S. Scott, Charles J. Mikhail, Yousef A. Nasrallah, U.S. District Court (Northern and Southern Districts of Mississippi), U.S. Fifth Circuit Court of Appeals, U.S. Supreme Court, IRS, U.S. Bankruptcy Court (Northern and Southern Districts of Mississippi), Judge Jannie M. Lewis-Blackmon, William C. Trotter, Tonya Y. Powell

# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-BA-00955-SCT

**THE MISSISSIPPI BAR**

*v.*

**MERRY CAITLIN JOHNSON**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/28/2017 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS-BLACKMON |
| COURT FROM WHICH APPEALED: | COMPLAINT TRIBUNAL |
| ATTORNEYS FOR APPELLANT: | JAMES RUSSELL CLARK |
| | ADAM BRADLEY KILGORE |
| | MELISSA SELMAN SCOTT |
| ATTORNEY FOR APPELLEE: | CHARLES J. MIKHAIL |
| NATURE OF THE CASE: | CIVIL - BAR MATTERS |
| DISPOSITION: | SUSPENDED FROM THE PRACTICE OF LAW FOR THREE (3) YEARS - 05/09/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1. This matter is before the Court on direct appeal of the Mississippi Bar from a final order of the Complaint Tribunal. This Bar-discipline case concerns two issues. We must determine first whether Merry C. Johnson had a duty to self-report her conduct under Mississippi Rule of Professional Conduct 8.1. Second, if a duty to self-report did exist, we must determine if the Complaint Tribunal's sanction of a private reprimand was adequate. Finding that Johnson breached her duty to self-report and that the Complaint Tribunal's sanction was inadequate, we suspend Johnson from the practice of law for three years and require her to apply for reinstatement.

ATTEST
A True Copy
This the 9th day of May 20__
Office of the Clerk
Supreme Court and Court of Appeals
State of Mississippi

## FACTS

¶2. Johnson took the Mississippi Bar Examination in July 2016. While awaiting her results, Johnson was employed as a paralegal at Stephen L. McDavid's law firm. McDavid asked Johnson to review a local rule of court referenced in an order issued by Magistrate Judge Jane Virden of the United States District Court for the Northern District of Mississippi. Johnson misinterpreted the rule, and McDavid relied on the incorrect interpretation. Later, Johnson realized she had wrongly interpreted the rule. She did not inform McDavid of her mistake; rather, she created an email purporting to be an amended text order clarifying the original order. The forged order had all the indicia of a real order, including a reference that Judge Virden had signed it. Johnson sent the email containing the forged order to McDavid, who forwarded it to opposing counsel, Mark A. Dreher. Dreher then informed Judge Virden's law clerk of the email containing the forged order.

¶3. On August 26, 2016, Judge Virden entered a show-cause order and set a hearing for three days later to determine the circumstances surrounding the fake order. When Johnson received the show-cause order, she confessed and apologized to McDavid and to the court. The hearing was conducted by phone with Johnson, McDavid, Dreher, and an associate of Dreher's, Josh Hill. At the hearing, Judge Virden advised all present, including Johnson, to thoroughly review their respective obligations to report the misconduct to the Bar and stated that the court would do the same. On September 9, 2016, the court entered an order imposing sanctions against McDavid's firm, ordering the firm to pay opposing counsel's fees and expenses connected to the show-cause hearing.

¶4. Johnson claims she spent three to four hours after the hearing reviewing the Mississippi Rules of Professional Conduct, the Rules Governing Admission to the Mississippi Bar, and the applications she had submitted to the Mississippi Board of Bar Admissions. Johnson claims she had no duty to report her misconduct; therefore she did not report the incident either to the Bar or to the Board of Bar Admissions. Without knowledge of her misconduct, the Board of Bar Admissions certified Johnson's Bar examination results, and Johnson was sworn in as a member of the Mississippi Bar.

¶5. Dreher reported Johnson's misconduct by letter dated October 14, 2016, to the general counsel of the Bar. The Bar's general counsel filed an informal complaint based on Dreher's report. After consideration, the Committee on Professional Responsibility directed the filing of a formal complaint. The Bar filed the complaint, which requested Johnson's suspension. Johnson filed a pro se answer on January 28, 2017, and an answer amended by counsel on February 15, 2017. On June 28, 2017, the Complaint Tribunal entered a judgment in which Johnson was issued a private reprimand for violation of Mississippi Rule of Professional Conduct 8.1(b). The Bar appealed.

## STANDARD OF REVIEW

¶6. "This Court has exclusive and inherent jurisdiction" over attorney-discipline matters. *Miss. Bar v. Jones*, 226 So. 3d 89, 91 (Miss. 2015) (quoting *Miss. Bar v. Drungole*, 913 So. 2d 963, 966 (Miss. 2005)). This Court conducts a de novo review in such cases. *Id.* (citing *Drungole*, 913 So. 2d at 966). While "no substantial evidence or manifest error rule shields the [Complaint] Tribunal from scrutiny," this Court may defer to the Complaint Tribunal's

3

findings. *Miss. Bar v. Ogletree*, 226 So. 3d 79, 82 (Miss. 2015) (alteration in original) (quoting *Foote v. Miss. Bar Ass'n*, 517 So. 2d 561, 564 (Miss. 1987)). The Bar has the burden to demonstrate "by clear and convincing evidence that [Johnson's] actions constitute professional misconduct." *Id.* (quoting *Miss. Bar v. Shelton*, 855 So. 2d 444, 445 (Miss. 2003)).

## STATEMENT OF THE ISSUES

¶7. Two issues are presented:

    I. Did Johnson violate MRPC 8.1?

    II. Did the Complaint Tribunal impose the appropriate sanction?

## DISCUSSION

### I. Rule 8.1 Violation

¶8. As a Bar applicant, Johnson was subject to Mississippi Rule of Professional Conduct 8.1. In relevant part, this rule states,

> An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
>
> (a) knowingly make a false statement of material fact; or
>
> (b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority . . . .

Miss. R. Prof'l Conduct 8.1. This rule clearly requires a Bar applicant to be truthful on their application and to supplement the application if a previous answer has changed or has become untruthful. Since Rule 8.1 is tied to a Bar application, it should be read in

4

conjunction with the Rules Governing Admission to the Mississippi Bar. Those rules provide that

> No one shall be licensed to practice law in this state:
>
> A. who fails to disclose fully to the Committee and Board, whether requested to do so or not, the facts relating to any disciplinary proceedings or charges as to [her] professional conduct, whether same have been terminated or not, in this or any other state, or any federal court or other jurisdiction, or
>
> B. who fails to disclose fully to the Committee and Board all facts relating to any civil or criminal proceedings or other material information concerning [her] character and fitness called for by these Rules or by the application forms.

Rules Governing Admission to the Miss. Bar, Rule 5, §1.

¶9. Johnson testified that although she admits Judge Virden issued a show-cause order and her conduct was the subject matter of the order, the show-cause hearing was not a "disciplinary proceeding," nor did it constitute "charge[s] to [her] professional conduct." When asked to elaborate on what she thought "charges" meant, Johnson testified she "read that as someone being called in and in a procedure or proceeding such as this and having specific charges against you." This testimony by Johnson is exactly what happened at the show-cause hearing. Johnson was called into a proceeding (the show-cause hearing) with a specific charge against her (forging the email). Johnson's interpretation of the rule is incorrect.

¶10. Questions 33 and 34 from Johnson's Bar application are at issue. Question 33 stated,

> Have you engaged in any inappropriate, illegal, immoral, or irresponsible behavior over the last five years that resulted in any investigative process, disciplinary or legal consequences or your separation from employment or from an educational institution?

5

¶11. Johnson contends that she had no duty to disclose her misconduct because the show-cause hearing was not an "investigative process," and it did not result in "disciplinary or legal consequences." This argument has no merit. Judge Virden held the show-cause hearing to determine "the creation—including when, how, and the purpose for which it was created—and circulation" of the forged order. Determining the circumstances surrounding the forged order is within the plain meaning of "investigative process," and to contend otherwise is unreasonable. Additionally, although no sanctions were imposed on Johnson herself, Judge Virden imposed sanctions on her employer, McDavid, because of her misconduct. Johnson's contention is absurd that her misconduct, which led to a show-cause hearing and sanctions in federal district court, need not be disclosed.

¶12. Question 34 stated,

> Within the past five years, have you been involved in any inquiry, any investigation, any insurance claim, or any administrative or judicial proceeding by an educational institution, government agency, professional organization, or licensing authority; or in connection with an employment disciplinary or termination procedure?

¶13. Johnson argues that the United States District Court for the Southern District of Mississippi is not a "government agency" because it is not a part of the executive branch of government. This argument also lacks merit. If the question limited "government agency" to mean only the executive branch of government, then "judicial proceeding" would be devoid of meaning. The Board of Bar Admissions intended this question to include proceedings in federal court. When asked whether Johnson should have reported her misconduct, Jeffery Styres, chairman of the Board of Bar Admissions, testified, "[T]he Court

6

upon which this matter was pending would be considered to be a government agency and a judicial proceeding." We agree.

¶14. Rule 8.1(b) requires disclosure of "a fact necessary to correct a misapprehension known . . . to have arisen . . . ." Miss. R. Prof'l Conduct 8.1(b). Johnson also contends that she did not have a duty to supplement her application under Rule 8.1, because she was not aware of any "misapprehension" the Board of Bar Admissions had about her. She argues that in order to violate Rule 8.1(b), she would have to look into the minds of the Board of Bar Admissions members to know of any mistaken belief they had about her. If Johnson's interpretation was correct, the rule would have no effect. Johnson's misconduct was "a fact necessary to correct a misapprehension" that required disclosure.

¶15. Failing to disclose her conduct to the Board of Bar Admissions created a misapprehension about Johnson's character and fitness to practice law. As a Bar applicant, Johnson had a duty to supplement her Bar application to reflect her misconduct. She failed to do so.

## II. Appropriate Sanction

¶16. Having concluded that Johnson violated Mississippi Rule of Professional Conduct 8.1, we must consider if the private reprimand imposed by the Complaint Tribunal is an appropriate sanction. It is not.

¶17. Sanctions are imposed on an attorney in a disciplinary proceeding based on the *Leibling* factors. These factors are

> (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of dignity and reputation of the legal

7

profession; (4) the protection of the public; (5) sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer's mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating or mitigating factors.

*Liebling v. Miss. Bar*, 929 So. 2d 911, 918 (Miss. 2006) (quoting *Miss. Bar v. Walls*, 890 So. 2d 875, 877 (Miss. 2004)). In Johnson's case, some factors overlap and therefore will be discussed together.

### a. Nature of the Misconduct and Duty Violated

¶18. Johnson breached her duty to provide full and complete responses on her applications to the Bar. This breach deprived the Board of Bar Admissions the opportunity to evaluate her character and fitness effectively. This is a serious breach because, although she was not yet a lawyer, Johnson knew the importance of reporting misconduct on her application, and she failed to do so.

### b. Need to Deter, Preservation of Dignity and Reputation of the Legal Profession, Protection of the Public, and Actual or Potential Injury

¶19. A serious need exists to deter failing to report misconduct on Bar applications. In order to preserve the dignity and reputation of the legal profession, the Board of Bar Admissions must be able to completely consider whether applicants possess the requisite character and fitness to practice law. Doing so is not possible without full disclosure on the applications. Denying the Board of Bar Admissions the ability to effectively consider applicants puts the public in jeopardy of retaining a lawyer unfit for the practice of law. Johnson's failure to disclose her misconduct impeded the work of the Board of Bar Admissions by denying it adequate information to evaluate her character and fitness to

8

practice law. Johnson's misconduct also injured the legal profession as a whole and had the potential to injure her future clients.

### c. Sanctions in Similar Cases

¶20. Johnson repeatedly compares her case to *Attorney U v. Mississippi Bar*, 678 So. 2d 963 (Miss. 1996), but Johnson's case is vastly different. In *Attorney U*, the Complaint Tribunal issued a public reprimand, and this Court reversed, finding that the attorney was not required to report the misconduct because he did not have sufficient knowledge of it. *Id.* at 964-65. *Attorney U* involved a lawyer's duty to report another lawyer's misconduct; in contrast, the matter before us involves a lawyer's duty to report her own misconduct. Unlike in *Attorney U*, Johnson had firsthand knowledge of the misconduct because she was the offender. *Attorney U* is therefore inapplicable to the present matter.

¶21. Although Johnson's formal offense was failure to disclose, the underlying misconduct is similar to the misconduct at issue in *Asher v. Mississippi Bar*, 661 So. 2d 722 (Miss. 1995). In *Asher*, this Court held that an eighteen-month suspension from the practice of law was warranted for an attorney's lying about his failure to file a complaint and fraudulently using a clerk's stamp and forging a clerk's signature to falsify a complaint. *Id.* at 732. Although Johnson was not a lawyer at the time of her misconduct, she should be held to the same standard because, as a Bar applicant, she was very close to becoming a lawyer, and she was employed by a lawyer and was doing legal work.

¶22. Because this is a question of first impression, we look outside of Mississippi for guidance. Johnson's case is much more like *Attorney Grievance Commission of Maryland.*

9

*v. Slate*, in which the court held that disbarment was warranted for an attorney who knowingly failed to disclose a trial court's findings that he engaged in dishonesty, fraud, and deceit on his Bar application. *Attorney Grievance Comm'n of Md. v. Slate*, 180 A.3d 134, 158 (2018). Like Johnson, Slate failed to disclose an incident involving fabricating documents in bad faith and attempting to mislead a court. Also like Johnson, Slate contended he was not required to disclose the trial court's finding that he engaged in dishonesty and misconduct on his Bar application.

### d. Mental State and Aggravating or Mitigating Factors

¶23. Johnson was of sound mind when she wrongly determined she had no duty to report. Also, she has no record of prior discipline. Johnson contends she had no dishonest or selfish motive for not reporting her misconduct to the Board of Bar Admissions, but her disingenuous parsing of terms as discussed above suggests otherwise.

### CONCLUSION

¶24. Sanctions imposed by this Court in attorney-disciplinary matters may be more or less severe than the sanctions the Complaint Tribunal has recommended. *Asher*, 661 So. 2d at 731. For the foregoing reasons, we reverse the Complaint Tribunal's judgment. Johnson is suspended from the practice of law for three years. After that time, she must apply for reinstatement, allowing this Court to determine if she has the requisite character and fitness to practice law. Additionally, this Court appoints the Committee on Character and Fitness as a special master to examine Johnson's character and fitness.

¶25. **MERRY CAITLIN JOHNSON SHALL BE SUSPENDED FROM THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI FOR A PERIOD OF THREE (3) YEARS, AND SHE MUST APPLY FOR REINSTATEMENT.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR.**